UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CV F 90-0402 LJO |
| Plaintiff, | **ORDER ON DEFENDANTS' MOTION FOR RELIEF FROM CONSENT DECREE** (Doc. 18.) |
| vs. | |
| JOHN DE JONG, INC., et al., | |
| Defendants. | |

## INTRODUCTION

Defendants John De Jong ("Mr. De Jong") and John De Jong Dairy, Inc. ("Dairy") seek to vacate a February 27, 1991 Consent Decree of Permanent Injunction ("consent decree") with the United States ("Government") in that long-term compliance with the consent decree renders its continuing application unnecessary. The Government does not oppose Mr. De Jong and Dairy's (collectively "defendants'") requested relief but admonishes defendants that they remain subject to obligations of the Food, Drug and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301, et seq., and its implementing regulations. This Court considered on the record without a hearing defendants' motion for relief from the consent decree. For the reasons discussed below, this Court RELIEVES defendants from the consent decree.

1

## BACKGROUND

Defendants have operated a Kings County dairy.[1] The consent decree enjoins defendants from certain FDCA violations and to deliver edible cattle tissue for human consumption without record-keeping and quarantine systems to prevent defendants to market cattle with "illegal new animal drug residues in edible tissue." The consent decree requires defendants' system to ensure that medicated cattle intended for slaughter are not delivered for slaughter until expiration of the withdrawal period specified in drug labeling or unless accompanied by a written attestation that the animal has been medicated. The consent decree requires defendants to keep records for one year for each animal delivered for slaughter. The consent decree permits Food and Drug Administration ("FDA") inspection of defendants' operations, including "all records relating to the Defendants' use of medication in their cattle" and "all records which relate to the drug treatment and sale or consignment of the Defendants' livestock to ensure continuing compliance with the terms of the injunction." The consent decree further obligates defendants to reimburse FDA for inspection work at $48 per hour, laboratory work at $50 per hour, and travel and subsistence expenses.

The consent decree permits defendants after 18 months to "file a motion to modify or vacate this Injunction" pursuant to F.R.Civ.P. 60(b), and defendants do so here.

## DISCUSSION

Defendants seek relief under F.R.Civ.P. 60(b)(5) which empowers a court to relieve a party from a final judgment, such as the consent decree, when "the judgment has been satisfied, released or discharged; . . . or applying it prospectively is no longer equitable." F.R.Civ.P. 60(b)(5) "represents a codification of preexisting law, recognizing the inherent power of a court sitting in equity to modify its decrees prospectively to achieve equity." *Transgo, Inc. v. Ajac Transmission Parts Corp.,* 911 F.2d 363, 365 (9th Cir. 1990) (internal quotation and citation omitted).

In *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 383, 112 S.Ct. 748 (1992), the

---

[1] Mr. De Jong is retired and no longer manages the Dairy operations. His son Jacob De Jong ("Jacob") manages the Dairy operations.

U.S. Supreme Court addressed factors to modify a consent decree:

> Rule 60(b)(5) provides that a party may obtain relief from a court order when "it is no longer equitable that the judgment should have prospective application," not when it is no longer convenient to live with the terms of a consent decree. Accordingly, a party seeking modification of a consent decree bears the burden of establishing that a significant change in circumstances warrants revision of the decree. If the moving party meets this standard, the court should consider whether the proposed modification is suitably tailored to the changed circumstance.
>
> A party seeking modification of a consent decree may meet its initial burden by showing either a significant change either in factual conditions or in law.
>
> Modification of a consent decree may be warranted when changed factual conditions make compliance with the decree substantially more onerous. . . . Modification is also appropriate when a decree proves to be unworkable because of unforeseen obstacles . . . or when enforcement of the decree without modification would be detrimental to the public interest . . . (Internal citations omitted.)

Defendants argue that prospective application of the consent decree is "no longer equitable" given defendants' 22-year compliance with the consent decree and continuing burden on defendants "without justifiable cause." In their declarations, Mr. De Jong and Jacob state that:

1. The Dairy has been designed and altered to comply with the consent decree;

2. FDA inspections have routinely found the Dairy in compliance with the consent decree; and

3. FDA inspections and increased reporting and record keeping cause "an increased administrative burden" and a "financial burden on the operations."

Defendants point to consent decree's contemplation of its termination and contend that defendants' extended compliance "should be rewarded by vacating" the consent decree.

Defendants raise valid points, especially given the Government's non-opposition to relief from the consent decree. Defendants have demonstrated long-term compliance with the consent decree, and nothing on the record appears to warrant continued FDA monitoring and defendants' reimbursement of FDA monitoring expenses, especially since defendants remain subject to FDCA obligations. Defendants are entitled to relief from the consent decree.

**CONCLUSION AND ORDER**

For the reasons discussed below, this Court RELIEVES defendants from the consent decree and its obligations on defendants.

IT IS SO ORDERED.

Dated:   **January 9, 2014**         **/s/ Lawrence J. O'Neill**
                                     UNITED STATES DISTRICT JUDGE